IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ASBESTOS LITIGATION ) | |
| ) | |
| ELIZABETH ALICE DOVE, as Personal ) | |
| Representative of the Estate of GUS DOVE ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 17-56-MN-SRF |
| v. ) | |
| ) | |
| BOEING COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Presently before the court in this asbestos-related wrongful death action are the motions for summary judgment of Borg-Warner Morse TEC, LLC ("Borg-Warner") (D.I. 149), Ford Motor Company ("Ford") (D.I. 155), Union Carbide Corp. ("Union Carbide") (D.I. 147), and Pneumo Abex LLC ("Pneumo Abex") (D.I. 148) (collectively, "defendants"). Plaintiff, Elizabeth Alice Dove ("Ms. Dove" or "plaintiff") did not respond to these motions. As indicated in the chart *infra* and for the reasons that follow, the court recommends GRANTING Union Carbide's motion for summary judgment and motion to dismiss (D.I. 183) without prejudice and recommends GRANTING the motions of Borg-Warner, Ford, and Pneumo Abex with prejudice.[1]

---

[1] Defendants' opening briefs in support of their respective motions for summary judgment are as follows: Borg-Warner (D.I. 150), Ford (D.I. 157), and Pneumo Abex (D.I. 148). Although Union Carbide filed its motion for summary judgment, it did not file an opening brief in support of its motion. It filed a subsequent motion to dismiss based on lack of any opposition by the plaintiff. (D.I. 183) Without a properly supported opening brief, the court cannot assess the merits of Union Carbide's motion for summary judgment. Nonetheless, dismissal without prejudice is warranted based on plaintiff's failure to timely oppose Union Carbide's motion

| Defendant | Motion for Summary Judgment |
|---|---|
| Borg-Warner Morse TEC, LLC | GRANT |
| Ford Motor Company | GRANT |
| Union Carbide Corp. | GRANT WITHOUT PREJUDICE |
| Pneumo Abex LLC | GRANT |

## II. BACKGROUND

### A. Procedural History

On December 10, 2016, plaintiff Gus Dove ("Mr. Dove"), originally filed this personal injury action against multiple defendants in the Superior Court of Delaware, asserting claims arising from Mr. Dove's alleged harmful exposure to asbestos. (D.I. 1, Ex. 1) On January 19, 2017, the case was removed to this court by defendant Lockheed Martin Corporation ("Lockheed Martin") pursuant to 28 U.S.C. § 1442(a), the federal officer removal statute.[2] (D.I. 1) Mr. Dove passed away on May 17, 2017. (D.I. 54) His daughters, Elizabeth Alice Dove and Roxane Audrey Huey ("Ms. Huey") were named as personal representatives of the Estate of Gus Dove and substituted as plaintiffs in this matter. (D.I. 62) Ms. Huey has since passed away and was removed as a personal representative and plaintiff. (D.I. 129) Borg-Warner, Ford, Union Carbide, and Pneumo Abex filed motions for summary judgment, individually. (D.I. 149; D.I. 155; D.I. 147; D.I. 148) Plaintiff did not respond to these motions.[3] On January 23, 2019, Union Carbide filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b). (D.I. 183)

---

pursuant to the scheduling order, Fed. R. Civ. P. 41(b), Fed. R. Civ. P. 56(c)(1), and Fed. R. Civ. P. 56(e)(2). *See also Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)).

[2] The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or an agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1).

[3] Borg-Warner (D.I. 169), Ford (D.I. 167), Pneumo Abex (D.I. 171), and Union Carbide (D.I. 174) requested that their motions be granted based on no opposition.

2

### B. Facts

#### i. Mr. Dove's alleged exposure history

Plaintiff alleges that Mr. Dove developed lung cancer and other asbestos-related diseases, causing "extensive mental anguish, pain and suffering, medical bills, physical impairment, permanent disability, loss of earning capacity, loss of enjoyment of life, and loss of life." (D.I. 129 at ¶¶ 17-18) Plaintiff contends that Mr. Dove was injured due to exposure to asbestos-containing products that defendants mixed, mined, manufactured, distributed, sold, removed, or installed. (*Id.* at ¶ 15) Accordingly, plaintiff asserts claims for negligence, willful and wanton conduct, strict liability, and conspiracy. (*Id.* at ¶¶ 20-96)

Mr. Dove was deposed on April 6, 2017. (D.I. 28) Plaintiff did not produce any other fact or product identification witnesses for deposition.

Mr. Dove served in the United States Air Force from 1951 to 1995. (D.I. 148, Ex. A) During his service, he worked as a hydraulic repairman, performing maintenance on aircraft brakes. (*Id.*, Ex. B at 19:15-23; Ex. A) Mr. Dove testified that this maintenance produced dust containing asbestos, which he inhaled. (*Id.*, Ex. B at 20:18-21:17) Mr. Dove also performed work on engines by opening up the cowling, taking out the pump, disconnecting hoses, and reinstalling these components. (*Id.* at 26:2-7) He stated this process was dusty, and that he inhaled the resulting dust. (*Id.* at 26:9-21) He believed the engine pumps contained asbestos. (*Id.* at 23:23-24:25)

From 1954 to 1956, Mr. Dove performed "shade-tree" automotive work while he was stationed at Moody Air Force Base. (D.I. 157, Ex. 2 at 210:13-24) He performed automotive brake work on approximately ten vehicles during those two years. (*Id.* at 213:12-17) He also

3

performed brake work and engine head gasket work on two of his father's used Ford vehicles. (*Id.* at 237:23-238:16, 239:10-24, 252:3-10)

### ii. Plaintiff's product identification evidence

Mr. Dove is the sole product identification witness in this case and his deposition occurred on April 6, 2017. (D.I. 28)

#### 1. Borg-Warner Morse TEC, LLC

Mr. Dove did not identify any asbestos-containing Borg-Warner products or exposure to any Borg-Warner products. (D.I. 150 at 5, 8)

#### 2. Ford Motor Company

Mr. Dove identified Ford as a manufacturer of automotive brakes that he used when performing automotive brake work from 1954 to 1956. (D.I. 157, Ex. 2 at 210:13-24) Mr. Dove estimated that he performed brake work on ten vehicles during this period, and ten percent of this work involved Ford brakes. (*Id.* at 213:12-17; Ex. 3 at 30:3-5) Mr. Dove specifically remembers performing brake work on one occasion on a 1954 Ford Fairlane 500 model while stationed at Moody Air Force Base. (*Id.*, Ex. 2 at 210:16-19, 214:3-14, 214:23-215:4) He did not know the vehicle's maintenance history or mileage at the time of the brake replacement. (*Id.* at 215:9-15) Mr. Dove did not know the maintenance history or manufacturer of the brakes he removed. (*Id.* at 222:9-16) He testified that the brakes he installed were labelled with the name "Ford." (*Id.* at 219:1-4) He noted that the brakes he installed were either supplied by customers, loose in a box from an unknown seller, or parts he purchased from a local shop. (*Id.* at 219:5-19, 223:2-20, 224:10-21)

Mr. Dove testified that he also performed brake work on two of his father's Ford vehicles. (*Id.* at 237:23-238:16, 252:3-10) He testified that, in 1962, he performed brake work

4

on his father's used 1958 Ford Fairlane. (*Id.* at 237:23-238:16, 239:10-24) He did not know the mileage or maintenance history of the vehicle at the time his father purchased it. (*Id.* at 240:3-17) Mr. Dove testified that the car had less than 100,000 miles at the time of his repair. (*Id.* at 240:19-21) Mr. Dove could not say with certainty who manufactured the brakes he removed, but believed that they were manufactured by Ford. (*Id.* at 240:22-25) He admitted that Ford vehicles are compatible with aftermarket parts and that people installed "anything they could buy cheap." (*Id.* at 241:4-12) Upon further questioning, Mr. Dove conceded that he may have worked on Ford vehicles but installed another manufacturer's brakes. (*Id.* at 242:7-17) He could not remember how many times he installed a brake that was labelled with the name "Ford," and stated that he would not know if a "Ford" labelled brake was relined previously or remanufactured. (*Id.* at 242:18-243:8) He did not know from which shop or seller the replacement brakes for the 1958 Ford Fairlane were purchased. (*Id.* at 243:10-13)

Mr. Dove testified that he performed brake work on his father's used 1934 Ford pickup. (*Id.* at 252:3-10) He did not know the maintenance history of this vehicle. (*Id.* at 252:22-25) He could not remember the manufacturer of the brakes he removed or installed. (*Id.* at 254:14-255:3) Mr. Dove testified that he performed work on the pickup's engine head gaskets, but could not remember the manufacturers of the gaskets he removed or installed. (*Id.* at 255:13-23, 256:11-19)

### 3. Union Carbide Corp.

Union Carbide contends Mr. Dove did not identify any asbestos-containing Union Carbide products or exposure to any Union Carbide products.[4] (D.I. 147)

---

[4] Union Carbide has not attached to its motion any written discovery responses or plaintiff's product identification testimony. (*See* D.I. 147)

5

### 4. Pneumo Abex LLC

Mr. Dove did not identify any asbestos-containing Pneumo Abex products or exposure to any Pneumo Abex products. (D.I. 148 at 1-2)

## III. LEGAL STANDARDS

### A. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The moving party bears the initial burden of proving the absence of a genuinely disputed material fact. *See Celotex*, 477 U.S. at 322. The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial, and the court must view the evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-61 (3d Cir. 1989); *Scott v. Harris*, 550 U.S. 372, 380 (2007). An assertion of whether or not a fact is genuinely disputed must be supported either by citing to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" rather, there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue. *See Anderson*, 477 U.S. at 247-49. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted); *see also Celotex*, 477 U.S. at 322. If the non-movant fails to make a sufficient showing on an essential element of its case on which it bears the burden of proof, then the movant is entitled to judgment as a matter of law. *See Celotex*, 477 U.S. at 322.

If a party fails to address another party's assertion of fact, the court may consider the fact undisputed, or grant summary judgment if the facts show that the movant is entitled to it. Fed. R. Civ. P. 56(e)(2)–(3).[5] A plaintiff's failure to respond "is not alone a sufficient basis for the entry

---

[5] This section was added to Rule 56 to overcome cases in the Third Circuit that impaired the utility of the summary judgment device:

> A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matter sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue.

Fed. R. Civ. P. 56(e) advisory committee's note. Before the amendment, the Third Circuit would have denied summary judgment if the averments were "well-pleaded," and not conclusory. *Id.* However, the Advisory Committee noted that summary judgment is meant to pierce the pleadings and to assess proof to see whether there is a genuine need for trial. *Id.* Accordingly, the pre-amendment Third Circuit precedent was incompatible with the basic purpose of the rule. *Id.* The amendment recognizes that, "despite the best efforts of counsel to make his pleadings

7

of a summary judgment." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). Even where a party does not file a responsive submission to oppose the motion, the court must still find that the undisputed facts warrant judgment as a matter of law. *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003) (citing Fed. R. Civ. P. 56; *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993)). In other words, the court must still determine whether the unopposed motion for summary judgment "has been properly made and supported." *Williams v. Murray, Inc.*, 2014 WL 3783878, at *2 (D.N.J. July 31, 2014) (quoting *Muskett v. Certegy Check Svcs., Inc.*, 2010 WL 2710555, at *3 (D.N.J. July 6, 2010)).

### B. Delaware Law

The parties do not dispute that Delaware law applies to all claims. (D.I. 114) Under Delaware law, a plaintiff asserting a claim for asbestos-related injuries must introduce evidence showing a product nexus between his exposure to a defendant's product and his asbestos-related injuries. *Cain v. Green Tweed & Co.*, 832 A.2d 737, 741 (Del. 2003) (citing *In re Asbestos Litig.*, 509 A.2d 1116, 1117 (Del. Super. Ct. 1986), *aff'd sub nom. Nicolet, Inc. v. Nutt*, 525 A.2d 146 (Del. 1987)).

Delaware courts have not followed the "frequency, proximity, and regularity" test,[6] first set forth in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156 (4th Cir. 1986), which has been adopted as the test in numerous jurisdictions. *Happel v. Anchor Packing Co.*, 2010 WL 7699063, at *1 (E.D. Pa. Oct. 14, 2010). Delaware courts require a plaintiff show that he was in

---

accurate, they may be overwhelmingly contradicted by the proof available to his adversary." *Id.* The amendment, however, was not designed to affect the ordinary standard applicable to summary judgment. *Id.*

[6] The court, in *Lohrmann*, stated that to support a reasonable inference of substantial causation from circumstantial evidence, there must be evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked. *Lohrmann*, 782 F.2d at 1162-63.

8

proximity to the product at the time it was being used. *Nutt v. A.C. & S. Co.*, 517 A.2d 690, 692 (Del. Super Ct. 1986). Plaintiff must show "that the asbestos product was used in an area where the plaintiff frequented, walked by, or worked adjacent to, with the result that fibers emanating from the use of the product would have been present in the area where the plaintiff worked." *Cain*, 832 A.2d at 741. This standard "requires plaintiff [to] show 'some evidence' of both 'daily and continuous proximity' to defendant's product for more than a *de minimis* period of time." *In re: Asbestos Litig.*, 2017 WL 237617, at *2 (Del. Super. Ct. Jan. 17, 2017) ("*Hastings*"). "Implicit within this product nexus standard is the requirement that the particular defendant's product to which the plaintiff alleges exposure must be susceptible to releasing fibers which are capable of ingestion or respiration into the plaintiff's body." *In re Asbestos Litig.*, 2007 WL 1651968, at *19 (Del. Super. Ct. May 31, 2007), *as corrected* (June 25, 2007) (quoting *Merganthaler v. Asbestos Corp. of America*, 1988 WL 116405, at *1-2 (Del. Super. Ct. Oct. 25, 1988)).

This standard, known as the "product nexus standard," is meant to ensure that the plaintiff presents "a factual connection in space and time between a particular plaintiff and a particular defendant's product." *Id.* (quoting *Merganthaler*, 1988 WL 116405, at *1-2) "Delaware courts have held that a plaintiff can survive summary judgment if there is testimony that asbestos-containing products were used at a worksite during the time plaintiff was employed there." *Happel*, 2010 WL 7699063, at *1. However, it is insufficient to overcome summary judgment if the "time and place" testimony is based on speculation or conjecture. *Id.* (citing *In re Asbestos Litig.*, 509 A.2d at 1117-18).

9

## IV. DISCUSSION

### A. Borg-Warner Morse TEC, LLC

The court recommends granting Borg-Warner's motion for summary judgment, because there is no genuine issue of material fact in dispute as to the lack of a product nexus between a Borg-Warner product and Mr. Dove's injuries. During Mr. Dove's deposition, he did not identify any Borg-Warner product. Plaintiff has not introduced evidence showing any identification of Borg-Warner's products or evidence that the product nexus standard has been met, as required by Delaware law.

### B. Ford Motor Company

The court recommends granting Ford's motion for summary judgment, because there is no genuine issue of material fact in dispute as to the lack of a product nexus between a Ford friction product and Mr. Dove's injuries. Mr. Dove testified that he worked on ten vehicles while stationed at Moody Air Force Base, and ten percent of his automotive work involved Ford brakes. (D.I. 157, Ex. 2 at 213:12-17; Ex. 3 at 30:3-5) He did not know the maintenance history or manufacturer of the brakes he removed. (*Id.*, Ex. 2 at 218:18-22, 222:9-16, 240:22-25, 254:14-255:3) Although Mr. Dove stated that the brakes he installed were labelled with the name "Ford," he conceded that he may have worked on Ford vehicles but installed another manufacturer's brakes. (*Id.* at 242:7-17) Furthermore, Mr. Dove stated that he would not know if the "Ford" labelled brakes he installed were previously relined or remanufactured. (*Id.* at 243:2-8) Mr. Dove could not remember the manufacturer of the gaskets he removed or installed while performing maintenance on his father's Ford pick up truck. (*Id.* at 256:11-19) It is plaintiff's burden to establish the existence of a genuine issue of material fact as to the nexus between Mr. Dove's work with an asbestos-containing product for which Ford could be held

10

responsible and his alleged injuries. The plaintiff has not responded and, thus, has not satisfied her burden.

## C. Union Carbide Corp.

The court recommends granting Union Carbide's motion for summary judgment without prejudice due to plaintiff's failure to timely oppose Union Carbide's pending motion as required by the scheduling order, Fed. R. Civ. P. 41(b), Fed. R. Civ. P. 56(c)(1), and Fed. R. Civ. P. 56(e)(2).

## D. Pneumo Abex LLC

The court recommends granting Pneumo Abex's motion for summary judgment, because there is no genuine issue of material fact in dispute as to the lack of a product nexus between a Pneumo Abex product and Mr. Dove's injuries. During Mr. Dove's deposition, he did not identify any Pneumo Abex product. Plaintiff has not introduced evidence showing any identification of Pneumo Abex's products or evidence that the product nexus standard has been met, as required by Delaware law.

## V. CONCLUSION

For the foregoing reasons, and as addressed in the chart *infra*, the court recommends granting without prejudice Union Carbide's motion for summary judgment and motion to dismiss, and granting motions of the remaining defendants with prejudice.

| Defendant | Motion for Summary Judgment |
|---|---|
| Borg-Warner Morse TEC, LLC | GRANT |
| Ford Motor Company | GRANT |
| Union Carbide Corp. | GRANT WITHOUT PREJUDICE |
| Pneumo Abex LLC | GRANT |

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 29, 2019

Sherry R. Fallon
United States Magistrate Judge